| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>DYKEMA GOSSETT LLP<br>Lukas Sosnicki (SBN 295895)<br>lsosnicki@dykema.com<br>Ashley R. Fickel (SBN 237111)<br>afickel@dykema.com<br>Gregory K. Jones (SBN 181072)<br>gjones@dykema.com<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Telephone: (213) 457-1800<br>Facsimile: (213) 457-1850<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Thornburg Mortgage Securities Trust | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br><br>Semar Ventures, LLC,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-12851-RN<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>(with supporting declarations)<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 01/05/2016<br>TIME: 9:30 am<br>COURTROOM: 1645 |

**Movant:** Thornburg Mortgage Securities Trust, 2007-3, Mortgage Backed Notes, Series 2007-3

1. **Hearing Location**:
   ☒ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 1                                          F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/10/2015

DYKEMA GOSSETT LLP
Printed name of law firm (if applicable)

Gregory K. Jones
Printed name of individual Movant or attorney for Movant

/s/ Gregory K. Jones
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 2                              F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Thornburg Mortgage Securities Trust et al. v. Semar Ventures etc
   b. *Docket number*: 30-2014-00738233-CU-OR-CJC
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      Superior Court of the State of California for the County of Orange
   d. *Causes of action or claims for relief (Claims)*:
      Judicial foreclosure, deficiency judgment, and breach of contract

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11  ☐ 12  ☐ 13
      was filed on (*date*) __05/26/2015__.

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12  ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                             F 4001-1.RFS.NONBK.MOTION

    f.   ☒ The bankruptcy case was filed in bad faith.

        (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g.   ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a.   ☒ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.   ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c.   ☐ Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.   ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b.   ☐ Supplemental declaration(s).

    c.   ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d.   ☐ Other evidence (*specify*):

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                           Page 4                                                    F 4001-1.RFS.NONBK.MOTION

4. ☐ hɐ̃   co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date:  12/10/2015

DYKEMA GOSSETT
Printed name of law firm (*if applicable*)

Gregory K. Jones
Printed name of individual Movant or attorney for Movant

/s/ Gregory K. Jones
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 5                            F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) Kathy Winchester _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☒ I am employed by Movant as (title and capacity): **AVP : Asst. Sec.**
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (specify):

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Thornburg Mortgage Securities Trust et al. v. Semar Ventures etc
   b. *Docket number*: 30-2014-00738233-CU-OR-CJC
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Superior Court for the State of California for the County of Orange

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:

      Judicial Foreclosure, Deficiency Judgment, and Breach of Contract

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A___.
   c. The Nonbankruptcy Action was filed on (date) _08/05/2014_.  An amended complaint was filed on 10/29/2014.
   d. Trial or hearing began/is scheduled to begin on (date) _01/04/2016_.
   e. The trial or hearing is estimated to require _____ days (specify).
   f. Other plaintiffs in the Nonbankruptcy Action are (specify):

      None

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 6                              F 4001-1.RFS.NONBK.MOTION

    g.   Other defendants in the Nonbankruptcy Action are (*specify*):

5. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
      (1) ☒ It is currently set for trial on (*date*) __01/04/2016__.
      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.
      (1) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
      (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      (3) ☐ Multiple bankruptcy cases affecting the Property include:
        (A) Case name:
          Case number:               Chapter:
          Date filed:                Date discharged:          Date dismissed:
          Relief from stay regarding this Nonbankruptcy Action   ☐ was  ☐ was not  granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                            Page 7                         F 4001-1.RFS.NONBK.MOTION

  (B) Case name:
  Case number:      Chapter:
  Date filed:   Date discharged:   Date dismissed:
  Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

  (C) Case name:
  Case number:      Chapter:
  Date filed:   Date discharged:   Date dismissed:
  Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

  ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.
  ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

 a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

 b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____.

 c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/02/2015 | Kathy Winchester, *AVP & Asst. Sec* | [signature] |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014  Page 8  F 4001-1.RFS.NONBK.MOTION

# MEMORANDUM OF POINTS AND AUTHORITIES

Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents ("Thornburg"), through its undersigned counsel, hereby submits this memorandum of points and authorities in support of its motion for relief from the automatic stay (the "Motion") in connection with pending litigation in the Superior Court of the State of California for the County of Orange (the "Superior Court") entitled *Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents v. Hooman Moshar; Newport Design Associates, Inc.; Real Time Resolutions, Inc.; Pelican Crest II Community Association; Newport Coast Community Association; Sima Noorahani; Semar Venture, LLC; and Does 1-100, inclusive*, Case No. 30-2014-00738233-CU-OR-CJC (the "State Court Case").

As detailed below, cause exists to grant relief from the stay because judicial economy would best be served by allowing the Superior Court (which has presided over the State Court Case for over a year) to adjudicate the dispute (the "Dispute") between Thornburg and Semar Ventures, LLC ("Semar" or the "Debtor"). The Superior Court has a greater familiarity with the dispute than this Court, and has already entered default or approved stipulations resolving the dispute as to all the parties in the State Court Case.

Further, the stay should be retroactively annulled to allow for the Debtor's default to be effective. The Debtor commenced its case in bad faith and Thornburg was not aware of the existence of the case until early November 2015.

## I. FACTUAL BACKGROUND

### A. Underlying Loan

On May 25, 2006, defendant Hooman Moshar ("Moshar") obtained an adjustable rate loan from Countrywide Home Loans (the "Loan") in the amount of $5,160,000.[1] The Loan is secured by a luxury residence located at 21 Skyridge, Newport Coast, California (the "Property").[2] On or about May 25, 2006, Moshar made, executed, and delivered to Countrywide Home Loans ("Countrywide") a Deed of Trust as security for repayment of the Note, which was recorded on May 31, 2006, in the Orange County Recorder's Office, Instrument No. 2006000365535 (the "Deed of Trust").[3] Mortgage Electronic Registration Systems, Inc. ("MERS") is the original beneficiary of under the Deed of Trust.[4] The Deed of Trust evidencing Countrywide's security interest was recorded on May 31, 2006 in the Orange County Recorder's Office.[5]

The Deed of Trust provides that, if the Trustor defaults in paying any indebtedness secured by the Deed of Trust, or in the performance of any agreement in the subject Note or Deed of Trust, the entire principal and interest secured by the Deed of Trust will, at the option of the beneficiary, become immediately due and payable.[6]

On or about November 25, 2009, MERS assigned the Deed of Trust to Thornburg as evidenced by the Assignment of Deed of Trust recorded in the Orange County Recorder's Office, Instrument Number 2009000637192 (the "Thornburg Assignment").[7]

---

[1] *See* Declaration of Hooman Moshar in Support of Application for Entry of Default Judgment (the "Moshar Declaration"), ¶ 3, Exhibit "A", filed on October 19, 2015 in the Superior Court. The Moshar Declaration is being separately filed with this Court.

[2] Moshar Declaration, ¶¶ 2 & 4.

[3] *Id.* ¶ 4, Exhibit "B".

[4] *Id.*

[5] *Id.*

[6] Moshar Declaration, Exhibit "B".

[7] *See* Declaration of Dan Dickey in Support of Application for Entry of Default Judgment (the "Dickey Declaration"), Exhibit "G". The Dickey Declaration is being separately filed with this Court.

### B. Transfers of the Property and Default

On February 14, 2007, Moshar executed a grant deed that purported to transfer ownership of the Property to Semar.[8] On the same day, Moshar recorded a Deed of Trust purporting to secure a loan in the amount of $7,125,000 to Semar.[9]

Moshar defaulted on the Loan by failing to make his October 1, 2008 payment.[10] On November 25, 2009 MERS recorded an assignment of the Deed of Trust to Thornburg in preparation for a foreclosure.[11]

By reason of Moshar's failure to make loan payments, Thornburg elected to declare the whole sum of principal and interest immediately due and payable and filed a verified complaint against Moshar; Newport Design Associates, Inc.; Real Time Resolutions, Inc.; Pelican Crest II Community Association; Newport Coast Community Association; Sima Noorahani; and Semar (collectively, the "Defendants") for (1) judicial foreclosure, (2) deficiency judgment, and (3) breach of contract (the "Complaint"). On or around October 29, 2014, Thornburg filed its "Verified First Amended Complaint for Judicial Foreclosure; Deficiency Judgment; and Breach of Contract" (the "First Amended Complaint").

Moshar does not dispute that the loan was in default or that Thornburg was entitled to foreclose on the Property.[12] On May 11, 2015, Moshar executed a quitclaim deed that transferred any interest in the Property to Thornburg.[13] Defendants Newport Design Associate, Realtime Resolutions, Smear, and Noorahani never responded to the First Amended Complaint. On April 24, 2015, the State Court entered a default against Semar, Realtime Resolutions, and Noorahani.[14] A

---

[8] Moshar Declaration, Exhibit "C".

[9] Moshar Declaration, Exhibit "D".

[10] Dickey Declaration, Exhibit "F".

[11] *Id.*, Exhibit "G".

[12] Moshar Declaration, ¶ 13.

[13] *Id.* ¶ 14, Exhibit "E".

[14] *See* "Application for Entry of Default Judgment" (the "Application") filed in the State Court Case, attached as Exhibit "A" to the Declaration of Gregory K. Jones in Support of Motion for Relief From Stay, at 4.

3

default against Newport Design Associates was entered on July 1, 2015.

On or around October 19, 2015, Thornburg the Application and a hearing was scheduled for November 18, 2015. It was not until after this time that Thornburg learned of Semar's bankruptcy case.[15]

## II.    ARGUMENT

### A.    Relief From The Stay Should be Granted Pursuant to Section 362(d)(1) of the Bankruptcy Code

Grounds exist for this Court to lift the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Court. Further, the automatic stay should be annulled *nunc pro tunc* because Thornburg did not have notice of Semar's bankruptcy filing, which was a bad faith filing.

#### 1.    Relief from Stay Pursuant to Section 362(d)(1)

Section 362(d)(1) of the Bankruptcy Code states:

> (d)    on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1)    for cause, including lack of adequate protection of an interest in property.

11 U.S.C. § 362(d). Courts are permitted to use their discretion on a case-by-case basis to determine whether sufficient "cause" exists to lift the stay. In enacting section 362(d)(1), Congress recognized as a basis for cause "a desire to permit an action to proceed to completion in another tribunal." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 343 (1977). Congress further stated:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Id.* at 341.

---

[15] *See* attached Declaration of Kathy Winchester (the "Winchester Declaration"), at ¶ 6(a).

This view was adopted by the Ninth Circuit in *In re Kemble*, in which the court held that when judicial economy will be furthered by permitting litigation to proceed in a non-bankruptcy forum, the automatic stay should be lifted. *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985) (bankruptcy court lifted the stay one day before trial was to commence, noting that a "court may properly consider the factor of judicial economy in deciding whether to lift an automatic stay. . . . The prior extensive preparation for the damages retrial made proceeding with that trial efficient. The decision to lift the stay could be upheld on this ground alone.") (internal citations omitted). Other circuits have recognized similar grounds for lifting the stay. *See, e.g.*, *In re Holtkamp*, 669 F.2d 505, 508-09 (7th Cir. 1982) (courts should consider whether non-bankruptcy litigation has progressed to a state of trial readiness as cause for lifting the stay). Where cause exists, bankruptcy courts have wide latitude in crafting relief from the automatic stay. *In re Kissinger*, 72 F.3d 107, 108-09 (9th Cir. 1995).

When considering whether cause exists to lift the stay, bankruptcy courts have applied a balancing test including the "potential prejudice to the bankruptcy estate and to the other creditors against the hardship to the moving party if it is not allowed to proceed in [another] court." *In re Blan*, 237 B.R. 737, 739 (Bankr. 8th Cir. 1999). Recognized factors used in the balancing analysis include:

(1) Whether the relief will result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the foreign proceeding involves the debtor as fiduciary;

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether litigation in another forum would prejudice the interests of other creditors,

the creditors' committee and other interested parties;

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Bankruptcy Code section 510;

(9) Whether the judgment arising in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) Whether the foreign proceedings have progressed to the point where parties are prepared for trial; and

(12) The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984).[16] Not all of the twelve *Curtis* factors are relevant in every case. *See In re Sonnax Industries*, 907 F.2d 1280, 1286-87 (2d Cir. 1990). In addition, a court does not need to give each of the *Curtis* factors equal weight in making a determination. *Burger Boys Inc. v. S. St. Seaport Ltd. Pa. (In re Burger Boys, Inc.)*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

In the present case, all of the applicable factors favor the granting of relief from the automatic stay.[17]

### a. The Relief Will Result in a Complete Resolution of the Issues and the State Court Case Has Progressed to a Point Where Thornburg is Prepared for Trial

As detailed above, the State Court Case involves Thornburg's efforts to judicially foreclose on the Property. The State Court Case, which has a scheduled trial date of January 4, 2016, is

---

[16] Bankruptcy courts within the Ninth Circuit have used the *Curtis* factors. *See, e.g., Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551 (Bankr. C.D. Cal. 2004).

[17] The inapplicable factors include: the third factor (the Debtor is not acting as a fiduciary in the State Court Case); the fourth factor (the Superior Court cannot be considered a "specialized tribunal"); the fifth factor (Thornburg does not believe that the Debtor's insurance carrier is involved); the sixth factor (the action does not involve a bailee or conduit of goods or proceeds); the eighth factor (any claim from the State Court Case would not implicate equitable subordination); and the ninth factor (a judgment in the State Court Action would not be avoidable under section 522(f)).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

nearly completed, as all of the Defendants have either stipulated to the entry of a foreclosure judgement or have had a default entered against them. Indeed, all that remained in the State Court Case was Thornburg's application for entry of a default judgment. Therefore, granting the Motion will allow for a complete resolution of the issues between Thornburg and the Debtor.

The current procedural status of the State Court Case also supports a finding that the eleventh *Curtis* factor (whether the foreign proceeding has progressed to the point where parties are ready for trial) favors the granting of the Motion. Thornburg is ready for a trial, if necessary. Additionally, by stipulating to judgment or allowing a default to be entered against them, the Defendants have indicated that they do not intend to contest the First Amended Complaint. While Semar's counsel has indicated that it wishes to answer the First Amended Complaint, it is uncertain whether the Superior Court would allow it to respond at this late date.

Therefore, the first and eleventh *Curtis* factors support granting the Motion.

### b. The Relief Will Not Interfere with the Bankruptcy Case

Further, granting the Motion will not interfere with the Debtor's bankruptcy case, because the Debtor has indicated that it no longer wishes to be a chapter 7 debtor. On September 11, 2015, the Debtor and chapter 7 trustee entered into a "Stipulation to Voluntarily Dismiss Chapter 7 Case Upon Payment of Administrative Fees and Costs" [Docket No. 63] (the "Stipulation"), which was filed on November 3, 2015. Indeed, it is possible that the Debtor's case will be dismissed prior to a hearing on this Motion. Therefore, granting the Motion will not interfere with the Debtor's case.

Additionally, even if the bankruptcy case is not dismissed, it is questionable whether Semar properly has title to the Property. The grant deed executed by Moshar to Semar violated the terms of the Deed of Trust, and as a result, Thornburg has the right to void the transfer to Semar. If Semar does not possess an interest in the Property, then it is not part of the bankruptcy estate, and the State Court Case will have no impact whatsoever on the Debtor's bankruptcy case.

### c. Litigation in Superior Court Would Not Prejudice Other Creditors

The seventh factor supports granting the Motion. In the Debtor's amended schedules [Docket No. 34], it fails to disclose the existence of any unsecured creditors whatsoever. Since

7

there are no unsecured creditors in this case, allowing the litigation to proceed in Superior Court would not be prejudicial to unsecured creditors.

### d. Judicial Economy is Served By Granting the Motion

Judicial economy would best be served by allowing the Superior Court to adjudicate the First Amended Complaint. As set forth above, the Superior Court has considered Thornburg's First Amended Complaint for over a year, and has great familiarity with the facts underlying the Dispute. Additionally, the Superior Court can likely adjudicate the First Amended Complaint in a more efficient manner. To be sure, by granting Thornburg relief from the stay, the Court will served Congress' well-reasoned sentiment that it would "be more appropriate to permit proceedings to continue in their place of origin" and "leave the parties to their chosen forum to relieve the bankruptcy court from many duties that may be handled elsewhere." *See Wiley v. Hartzler (In re Wiley)*, 288 B.R. 818, 822-23 (Bankr. 8th Cir. 2003) ("Regarding judicial economy . . . the litigation in this case is complex and the court was convinced that it would be appropriate to permit the lawsuit to continue in the Kansas District Court in order to relieve the bankruptcy court from duties that could be handled elsewhere.").

### e. The "Balance of Hurt" Favors Thornburg

The final factor involves an analysis of the "balance of hurt" to the parties if relief is granted. It is evident that Thornburg will be damaged by the continuation of the automatic stay, as it will be prevented from proceeding with its action in the Superior Court. On the other hand, the Debtor will not be prejudiced by an order lifting the stay, as it should not be a debtor in this Court. Indeed, as argued by the chapter 7 trustee in a prior pleading with this Court[18], the Debtor's bankruptcy case never should have been filed in the first place and was almost certainly initiated in bad faith. The Debtor previously filed four bankruptcy cases in the past three years, two of which were dismissed due to the Debtor's failure to appear at the meeting of creditors. In the present case, the Debtor again failed to appear for the meeting of creditors, and refused to communicate with the

---

[18] "Chapter 7 Trustee's Motion for Order: (1) Approving Turnover of Property of the Estate; and (2) Compelling the Debtor to Appear at Meeting of Creditors and to Produce Documents" (the "Turnover Motion") [Docket No. 15], filed April 13, 2015.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

chapter 7 trustee about the administration of its estate.[19] As a result of the Debtor's activities, the trustee and Debtor have entered into a stipulation to dismiss this chapter 7 case.

Therefore, Thornburg would suffer greater harm from the continuation of the stay than the Debtor would suffer from the removal of the automatic stay as to the Dispute. Given this balance of the harms, the final *Curtis* factor supports granting the Motion.

In sum, all of the relevant factors favor grating the Motion. Thornburg respectfully requests that this Court grant the Motion and allow it to continue with the First Amended Complaint against the Debtor in Superior Court.

### B.    Relief From the Stay Should be Granted Retroactively

Generally, annulment of the stay is warranted when a creditor lacks knowledge of the automatic stay combined with unfair prejudice to the creditor. *In re Benchmark Capital, Inc.*, 490 B.R. 566 (Bankr. E.D. Tenn. 2013). Section 362(d) permits bankruptcy courts, in appropriate circumstances, to grant retroactive relief from the automatic stay. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). "Bankruptcy courts have the power to annul an automatic stay retroactively for cause pursuant to 11 U.S.C. §362(d)(1) in order to rehabilitate stay violations." *In re Webb*, 294 B.R. 850, 853 (Bankr. E.D. Ark. 2003) (citing *In re Hoffinger Indus.*, 329 F.3d 948, 951-52 (8th Cir. 2003)). "It is well recognized that a determination of whether to grant relief from stay retroactively is within the wide latitude of the Court with each decision being considered on a case-by-case basis." *In re Stockwell*, 262 B.R. 275, 280 (Bankr. D. Vt. 2001).

Several factors have been identified by Courts when determining whether circumstances are sufficiently compelling to warrant retroactive annulment of the stay. Such factors include (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing, (2) whether the debtor acted in bad faith, (3) whether grounds would have existed for modification of the stay if a motion had been filed before the violation, (4) whether the denial of retroactive relief would result in unnecessary expense to the creditor, and (5) whether the creditor has detrimentally changed its position on the basis of the action taken. *Id.* at 281. Of the factors listed, the debtor's actions and

---

[19]    Turnover Motion, at 3.

9

lack of good faith are important in evaluating whether retroactive relief is warranted. *In re Webb*, 294 B.R. at 853. Retroactive annulment of the stay is appropriate where the creditor did not have actual knowledge of the stay, and would be unfairly prejudiced if the debtor were permitted to use the stay as a defense to his action. *In re Syed*, 238 B.R. 126, 132-33 (Bankr. N.D. Ill. 1999).

Here, ample grounds exist to annul the stay. First, Thornburg did not have notice of the chapter 7 filing. *See* Winchester Declaration, ¶ 6(a). Second, as set forth above, the Debtor filed this case in bad faith, as it was its fourth case in five years. Additionally, the Debtor conducted itself in bad faith by failing to appear at the meeting of creditors, stating that it has no unsecured creditors, and refusing to cooperate with the chapter 7 trustee in its administration of the case. Third, grounds for relief from the stay would have existed when Thornburg obtained its default. At that time, the Dispute was close to trial and the Superior Court, due to its familiarity with the State Court Case, would have been a better tribunal to adjudicate the Dispute. Finally, denial of retroactive relief would result in unnecessary expense to Thornburg. It would force Thornburg to spend money in preparing another request for default and would delay the progress that it has made in obtaining judgments against the Defendants.

## IV. CONCLUSION

Based on the foregoing, Thornburg prays that this Court enter an order granting it retroactive relief from the automatic stay, waiver of the 14 day stay under FRBP 4001(a)(3), and for any other relief that this Court deems just and proper.

Dated: December 10, 2015

**DYKEMA GOSSETT LLP**

By:/s/ *Gregory K. Jones*
Gregory K. Jones
Attorneys for Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents

10
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY
4819-0967-2747.1
ID\JONES, GREGORY - 084912\000418

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

# PROOF OF SERVICE OF DOCUMENT
In Re: Semar Ventures, LLC – Case No. 2:15-bk-12851-RN

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 S. Grand Avenue, Suite 2100, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with Supporting Declarations) (ACTION IN NON-BANKRUPTCY FORUM)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/10/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lynda T Bui on behalf of Trustee David M Goodrich (TR) - lbui@shbllp.com
- David M Goodrich (TR) - GoodrichTrustee@sulmeyerlaw.com, c143@ecfcbis.com
- Merdaud Jafarnia on behalf of Creditor CitiMortgage, INC., its assignees and/or successors - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Merdaud Jafarnia on behalf of Creditor Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, N.A., f/k/a Norwest Bank Minnesota, N.A., solely as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mor - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Merdaud Jafarnia on behalf of Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding Trust 2006-AR5, Mortgage Pass-Through Certificates, Series - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Gregory K Jones on behalf of Creditor Nationstar Mortgage, LLC - GJones@dykema.com, CPerez@dykema.com
- Melissa Davis Lowe on behalf of Trustee David M Goodrich (TR) - mdavis@shbllp.com, lverstegen@shbllp.com
- Matthew D Resnik on behalf of Debtor Semar Ventures LLC - matt@srhlawfirm.com, mattecf@gmail.com; renee@srhlawfirm.com
- Leonard M Shulman on behalf of Trustee David M Goodrich (TR) - lshulman@shbllp.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012  
**3.1.PROOF.SERVICE**    F 9013-

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 12/10/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Richard M. Neiter – VIA FEDERAL EXPRESS
U.S. Bankruptcy Court, Central District of California
255 E. Temple Street, Suite 1652 / Courtroom 1645
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/10/2015 | CATHY PEREZ | /s/ Cathy Perez |
|---|---|---|
| Date | Printed Name | Signature |

4812-4153-6044.1
084912\000418

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
**3.1.PROOF.SERVICE**

F 9013-