**DYKEMA GOSSETT LLP**
Gregory K. Jones (SBN #181072)
*gjones@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Semar Ventures, LLC,<br><br>Debtor. | Case No. 2:15-bk-12851-RN<br><br>Chapter 7<br><br>**REPLY TO DEBTOR'S OPPOSITION TO THORNBURG MORTGAGE SECURITIES TRUST, 2007-3, MORTGAGE BACKED NOTES, SERIES 2007-3's MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br><u>Hearing</u>:<br><br>Date: January 5, 2016<br>Time: 9:30 a.m.<br>Ctrm: 1645 |

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

4824-9597-5468.1
ID\JONES, GREGORY - 084912\000418

Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents ("Thornburg"), through its undersigned counsel, hereby submits this reply to the "Debtor's Opposition to Thornburg Mortgage Securities Trust, 2007-3, Mortgage Backed Notes, Series 2007-3's Motion for Relief from the Automatic Stay; Memorandum of Points and Authorities" (the "Opposition") [Docket No. 71] filed by Semar Ventures LLC, debtor in the above-captioned chapter 7 case (the "Debtor" or "Semar"), on December 17, 2015.  The Opposition was filed to Thornburg's motion for relief from the automatic stay (the "Motion") [Docket No. 69], which was filed on December 10, 2015.

## I.    INTRODUCTION

Through the Motion, Thornburg seeks entry of an order (i) granting relief from the automatic stay to allow the Superior Court[1] to adjudicate the State Court Case between Thornburg and Semar and (ii) annulling the stay retroactively to the date that the Debtor filed for bankruptcy protection.  In the Motion, Thornburg demonstrated that cause exists to lift the stay under the twelve factor analysis set forth in the case of *In re Curtis*.[2]  Additionally, Thornburg established that relief should be granted retroactively, as it had no knowledge of Semar's bankruptcy filing and Semar had acted in bad faith in filing its present case.

In response, the Debtor filed a three page Opposition, which is internally contradictory, misinterprets one of this Court's Local Rules, and makes a number of unsupported allegations.  The Debtor's Opposition is nothing more than an extension of the bad faith filing of this chapter 7 case, which itself was a stalling technique designed to prevent Thornburg from obtaining relief in the State Court Case.

---

[1]    The term "Superior Court" shall refer to the Superior Court of the State of California for the County of Orange.  All capitalized terms shall have the same meanings ascribed to such terms in the Motion.

[2]    40 B.R. 795, 799 (Bankr. D. Utah 1984) (as cited by *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551 (Bankr. C.D. Cal. 2004)).

2

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

For the reasons set forth below, Thornburg respectfully requests that this Court grant the Motion in its entirety.

## II. ARGUMENT

Semar makes two primary arguments in its Opposition. First, it states that the Motion should be denied because it was not served on the holders of two liens on the Property.[3] Second, it asserts that retroactive relief cannot be granted because this Court would not have granted relief from the stay at the time that Thornburg obtained an entry of default in the Superior Court in April 2015. As detailed below, both arguments fail.

### A. The Debtor's First Basis For Objecting To The Motion Is Inapplicable

With respect to Thornburg's request for relief from the stay, the Debtor's position is unclear. First, the Debtor states that "[t]he Motion for relief should be denied because it was not served on the two Homeowner's Association which have liens on the property." Opposition at 2, lines 13-14. However, three sentences later, the Debtor concedes that "[it] does not however oppose Relief from Stay." *Id.* at 2, lines 16-17. The Debtor then reverses itself again on page four by stating that the Motion should be denied. *Id.* at 4, lines 20-21.

In support of its Opposition, the Debtor refers to Local Bankruptcy Rule 4001-1(c)(1)(B)(iv), which provides that a party moving for relief from the stay must serve "the holder of a lien or encumbrance against the subject property" with notice of the motion "if relief is sought as to property of the estate." LBR 4001-1(c)(1)(B)(iv). The Debtor then argues that the Motion should be denied because it was not properly served on two homeowner associations that have liens on the Property.

The Debtor's argument fails because the Motion is not seeking relief "as to property of the estate." Rather, the Motion seeks entry of an order authorizing Thornburg to continue with a lawsuit that is Thornburg's property. The lawsuit cannot possibly be property of the estate because the Debtor has no legal or equitable interest in the lawsuit. Indeed, the Debtor has conceded as such by failing to include the lawsuit (or any property whatsoever) in its Schedule B (Personal Property).

---

[3] The Property is 21 Skyridge, Newport Coast, California.

3
REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

The Debtor's sole argument against granting the Motion is thus inapplicable to the present case. As such, Thornburg respectfully requests entry of an order granting relief from the stay.[4]

### B.   Retroactive Relief

In the Motion, Thornburg requests the retroactive annulment of the automatic stay, as it did not have notice of the Debtor's bankruptcy case when it obtained entry of default against the Debtor. Thornburg's Motion discusses four factors that courts consider in determining whether to grant retroactive relief, and applies such factors in support of its request for retroactive relief. *See* Motion, at 9-10.

In response, the Debtor addresses two of the four factors: (i) whether the Court would have granted relief from the stay on April 24, 2015, which is the date that default was entered against the Debtor, and (ii) whether denial of relief would result in unnecessary expense to Thornburg. With respect to the first factor, the Debtor argues that relief from the stay would not have been granted in April 2015, because "the trustee was looking into the liens to determine if there was a basis to avoid the liens." Regarding the second factor of unnecessary expense, the Debtor argues that since it "has not proceeded in the existing state court case," denial of the Motion would not prejudice Thornburg.[5] *See* Opposition, at 3-4. Both arguments, which are supported by no evidence whatsoever, lack merit.

First, there is no indication that the chapter 7 trustee (the "Trustee") was in the process of "looking into the liens" in April 2014. In its "Motion for Order: (1) Approving Turnover of Property of the Estate; and (2) Compelling the Debtor to Appear at Meeting of Creditors and to Produce Documents" (the "Trustee Motion") [Docket No. 15], which was filed on April 13, 2015, the Trustee did not state that he was investigating the validity of liens asserted against the Property. Rather, the Trustee Motion detailed the Debtor's obstructionist efforts to thwart the Trustee's

---

[4] The Debtor also states that: "It is inconceivable that Movant just learned about the bankruptcy filing 'in November, 20915'. . . . For one thing, the trustee David Goodrich recorded a Notice of Lis Pendens on April, 17, 2015 as Document 20." Opposition, at 3. However, the proof of service of the Notice of Lis Pendens indicates that the Notice of Lis Pendens was not served on Thornburg.

[5] The factor that the Debtor is referring to does not mention prejudice, but rather "unnecessary expense to the creditor." *See In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001).

4

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

4824-9597-5468.1
ID\JONES, GREGORY - 084912\000418

administration of the estate,[6] and requested that the Court enter an order compelling the Debtor to turn over the Property to him. The Trustee also stated in his Motion that he was "in the process of employing a real estate broker to list and market the Property for sale. . . . The equity in the Property can be used to pay creditors." Trustee Motion, at 5. Nowhere in the Trustee's Motion is it suggested that the Trustee had been engaging in some detailed investigation to determine the validity of Thornburg's security interest.[7] Therefore, the Debtor's argument regarding the disposition of an April 2015 relief from stay motion is erroneous.

Second, it is disingenuous for the Debtor to argue that Thornburg would not be prejudiced by denial of the Motion because "the Debtor has not proceeded" in the State Court Action.[8] The Debtor "has not proceeded" because it <u>specifically chose</u> not to proceed in the State Court Action. Indeed, over the past year, the Debtor failed to answer the First Amended Complaint, oppose entry of a default, or seek revocation of the entered notice of default. Denial of the Motion would force Thornburg to start over in its First Amended Complaint as to the Debtor, which means that Thornburg will incur unnecessary expense. In fact, if the Motion is denied, the Court will be rewarding the Debtor, its officers, and related entities for filing bad faith bankruptcy petitions.

In sum, as set forth in the Motion, Thornburg respectfully requests that it is granted retroactive relief from the automatic stay.

---

[6] *See* Trustee Motion, at 6 ("The Trustee is concerned that the Debtor will continue to intentionally impede all efforts to market and sell the Property.").

[7] Even if the Trustee was investigating Thornburg's lien at that time, it would have been more efficient for this Court to lift the stay and allow the chapter 7 trustee to intervene in the State Court Case, which had already been before the Superior Court for over five months.

[8] Additionally, the Debtor's statement that "[n]othing has happened in that case other than the passage of time" is incorrect. Thornburg obtained entry of a notice of default and scheduled a hearing for a default judgment prior to learning about the present chapter 7 case.

5
REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

4824-9597-5468.1
ID\JONES, GREGORY - 084912\000418

## III. CONCLUSION

WHEREFORE, Thornburg respectfully requests that this Court (i) grant the Motion in its entirety and (ii) grant such other and further relief that it deems to be necessary and appropriate.

Dated: December 29, 2015                                    **DYKEMA GOSSETT LLP**

By:/s/ *Gregory K. Jones*
Gregory K. Jones
Attorneys for Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

6
REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY

4824-9597-5468.1
ID\JONES, GREGORY - 084912\000418

# PROOF OF SERVICE OF DOCUMENT

In re Semar Ventures LLC, Case No. 2:15-bk-12851-RN

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  **333 S. Grand Avenue, Suite 2100, Los Angeles, CA  90071**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO DEBTOR'S OPPOSITION TO THORNBURG MORTGAGE SECURITIES TRUST, 2007-3, MORTGAGE BACKED NOTES, SERIES 2007-3's MOTION FOR RELIEF FROM AUTOMATIC STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/29/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lynda T Bui on behalf of Trustee David M Goodrich (TR) - lbui@shbllp.com
- David M Goodrich (TR) - GoodrichTrustee@sulmeyerlaw.com, c143@ecfcbis.com
- Merdaud Jafarnia on behalf of Creditor CitiMortgage, INC., its assignees and/or successors - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Merdaud Jafarnia on behalf of Creditor Wells Fargo Bank, N.A. successor by merger to Wells Fargo Bank Minnesota, N.A., f/k/a Norwest Bank Minnesota, N.A., solely as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mor - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Merdaud Jafarnia on behalf of Creditor Wells Fargo Bank, N.A., as trustee, on behalf of the holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding Trust 2006-AR5, Mortgage Pass-Through Certificates, Series - bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Gregory K Jones on behalf of Thornburg Mortgage Securities Trust 2007-3, Mortgage Backed Notes, Series 2007-3, U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America National Association, as Indenture Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee, by Nationstar Mortgage LLC as Servicer with Delegated Authority Under the Transaction Documents - GJones@dykema.com, CPerez@dykema.com
- Melissa Davis Lowe on behalf of Trustee David M Goodrich (TR) - mdavis@shbllp.com, lverstegen@shbllp.com
- Matthew D Resnik on behalf of Debtor Semar Ventures LLC - matt@srhlawfirm.com, mattecf@gmail.com;renee@srhlawfirm.com
- Leonard M Shulman on behalf of Trustee David M Goodrich (TR) - lshulman@shbllp.com
- United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/29/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/29/2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Richard M. Neiter – VIA FEDERAL EXPRESS
U.S. Bankruptcy Court – Central District of CA
255 E. Temple Street, Suite 1652 / Courtroom 1645
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 29, 2015 | Cathy Perez | /s/ Cathy Perez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                **F 9013-3.1.PROOF.SERVICE**